UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Renée Marie Bumb |
| v. | Crim. No. 24-00157-001 (RMB) |
| JONATHAN KATZ<br>a/k/a "LUNA" | 18 U.S.C. § 371 |

## INFORMATION

The defendant having waived in open court prosecution by Indictment, the Attorney for the United States for the District of New Jersey acting under the authority of 28 U.S.C. § 515 charges:

## INTRODUCTION

1. At all times relevant to this Information:

    a. Company-1 was a telecommunications company, with offices in New Jersey, that provided wireless telephone service in the United States and elsewhere.

    b. Defendant Jonathan Katz a/k/a "Luna" ("KATZ") was a resident of New Jersey and was employed by Company-1 as a manager at a location in New Jersey.

    c. As a manager at Company-1, KATZ had access to customer accounts and was able to modify, add, and make changes to such accounts, including swapping SIM numbers (as described below) only at the customer's request on Company-1 computers.

    d. In order to activate a mobile device for usage on cellular telephone networks, many devices are assigned a unique International Mobile Equipment

1

Identity number ("IMEI") in combination with a unique subscriber identity module ("SIM"), encoded on a small removable chip or directly embedded into the device. This IMEI/SIM combination, when paired with a customer's mobile phone number assigned by a carrier, such as Company-1, is what allows a given user to authenticate a customer's subscription on a mobile phone carrier's network. This, in turn, allows the customer to make and receive cellular calls and text messages associated with the customer's mobile phone number.

e.  Generally, "SIM Swapping" refers to a method of an unauthorized takeover of a victim's wireless account, carried out by linking a victim's mobile phone number to a SIM installed in a device controlled by the perpetrator of the swap. One method of conducting a SIM swap is with the assistance of an insider who has access to the provider's networks.

f.  As a result of a SIM swap, phone calls and text messages sent to the victim's mobile phone number are routed to a device controlled by the attacker(s), giving the attacker complete control over the victim's mobile phone number.

g.  Upon gaining control of a victim's mobile phone number, an attacker can gain unauthorized access to victims' other electronic accounts—including email, social media, and cryptocurrency accounts—using various means, including intercepting "two-factor authentication" codes or resetting victims' passwords using information sent to the registered mobile phone number. Since the victims' physical cell phones are no longer tethered to their cell phone accounts, the victims do not receive account alerts or other indications that their online accounts have been compromised or accessed from unfamiliar devices.

2. From in or around May 10, 2021 through in or around May 20, 2021, in the District of New Jersey and elsewhere, the defendant,

**JONATHAN KATZ**
a/k/a "LUNA"

did knowingly and intentionally conspire and agree with others to commit computer fraud and abuse, namely, to intentionally access a computer without authorization, and thereby obtain information from any protected computer, for purposes of private financial gain, contrary to Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B)(i).

### GOAL OF THE CONSPIRACY

3. The goal of the conspiracy was for KATZ and others to alter information contained in victim customer accounts maintained in Company-1's computers for the purpose of executing unauthorized SIM swaps, and to steal information obtained through access to Company-1's customers' mobile devices, for profit.

### MANNER AND MEANS OF THE CONSPIRACY

4. It was part of the conspiracy that:

    a. Beginning on or about May 10, 2021, KATZ communicated with an individual ("Co-Conspirator-1") about using KATZ's access to Company-1's computer network to perform SIM swaps.

    b. KATZ agreed to provide Co-Conspirator-1 his username and password to Company-1's systems (the "KATZ Company-1 Credentials") with the understanding that Co-Conspirator-1 would use the access to perform SIM swaps.

  c. Co-conspirator-1 agreed to pay KATZ $5,000 and a percentage of the profits earned from accessing victims' mobile devices in exchange for the KATZ Company-1 Credentials.

### **OVERT ACT**

5. In furtherance of the conspiracy and to effect its unlawful purpose, on or about May 12, 2021, KATZ, using an encrypted messaging platform, provided Co-Conspirator-1 the KATZ Company-1 Credentials.

In violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION

Upon conviction of the offense contrary to 18 U.S.C. § 1030, in violation of 18 U.S.C. § 371, as alleged in this Information, the defendant shall forfeit to the United States:

    a.    pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the offense charged in this Information, the value of which totaled $4,426; and

    b.    pursuant to 18 U.S.C. § 1030(i), all right, title, and interest of the defendant in any personal property that was used or intended to be used to commit or to facilitate the commission of the offense charged in this Information.

## SUBSTITUTE ASSETS PROVISION

If any of the property described above, as a result of any act or omission of the defendant:

   a) cannot be located upon the exercise of due diligence;

   b) has been transferred or sold to, or deposited with, a third party;

   c) has been placed beyond the jurisdiction of the court;

   d) has been substantially diminished in value; or

   e) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

*Vikas Khanna*
VIKAS KHANNA
Attorney for the United States
Acting under the
Authority of 28 U.S.C. § 515

CASE NUMBER: 24-

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**JONATHAN KATZ,**

a/k/a "Luna"

## INFORMATION FOR

18 U.S.C. § 371

VIKAS KHANNA
*ATTORNEY FOR THE UNITED STATES*
*FOR THE DISTRICT OF NEW JERSEY*

SOPHIE E. REITER
*ASSISTANT U.S. ATTORNEY*
*NEWARK, NJ*
*973-645-6226*