

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*970 Broad Street      (973) 645-2700*
*Newark, New Jersey 07102*


March 23, 2023

Jason A. Seidman
Law Office of Jonathan F. Marshall
157 Broad St #111
Red Bank, New Jersey 07701

     Re: <u>Plea Agreement with Jonathan Katz</u>, Aka Luna
       24-CR-00157-001 (RMB)

Dear Mr. Seidman:

  This letter sets forth the plea agreement between your client, Jonathan Katz ("Katz" or the "defendant"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on **April 3, 2023**, if it is not accepted in writing by that date.

Charge

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Katz to an Information charging him with one count of conspiracy to access a protected computer without authorization from on or about May 11, 2021 through on or about May 19, 2021, contrary to 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B), in violation of 18 U.S.C. § 371.

  If Katz enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Katz related to the conduct described in the December 6, 2021 criminal complaint in *United States v. Katz*, Mag. No. 21-10413 (MAH). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Katz agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Katz may be commenced

against him, notwithstanding the expiration of the limitations period after Katz signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Katz agrees to plead guilty carries a statutory maximum term of 5 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence to be imposed upon Katz is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Katz ultimately will receive.

Further, in addition to imposing any other penalty on Katz, the sentencing judge: (1) pursuant to 18 U.S.C. § 3013, will order Katz to pay an assessment of $100 per count of conviction, which assessment must be paid by the date of sentencing; (2) pursuant to 18 U.S.C. § 3663 et seq., must order Katz to pay restitution; (3) may order Katz, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853, must order forfeiture; and (5) pursuant to 18 U.S.C. § 3583, may require Katz to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Katz be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Katz may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of his acceptance of responsibility, Katz agrees to forfeit to the United States of America, (i) pursuant to 18 U.S.C. § 982(a)(2)(B) and 1030(i), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the offenses charged in Counts One ~~through Five~~ of the Information, which Katz agrees was $4,426, and all property traceable to such property; and (ii) pursuant to 18 U.S.C. § 1030(i) any property that was



used or intended to be used to commit or to facilitate the commission of the offenses charged in Counts One ~~through Five~~ of the Information

Katz further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets equal to the aggregate value of the forfeitable property described above, which the defendant agrees was $4,426 (the "Money Judgment"). Katz consents to the entry of an order requiring the defendant to pay the Money Judgment, in the manner described below (the "Order"), which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by (i) electronic funds transfer, as directed by the Office; or (ii) postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Katz waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Katz understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Katz waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Katz's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Katz further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Katz fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Katz has intentionally failed to disclose assets on his Financial Disclosure Statement, Katz agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless

of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Katz by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Katz's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Katz agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Katz from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Katz waive certain rights to file an appeal, collateral attack, writ, or motion after resentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Defendant understands and agrees that if he is not a citizen of the United States, and his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization, if he is not already in that status. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses, knowing that this plea will result in his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Katz. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Katz.

No provision of this agreement shall preclude Katz from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Katz's guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Katz and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
UNITED STATES ATTORNEY

By: Sophie E. Reiter
Assistant U.S. Attorney

Approved:

Anthony Torntore
Chief, Cybercrime Unit

I have received this letter from my attorney, Jason A. Seidman, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, forfeiture, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 6/1/23
Jonathan Katz   AKA LUNA              3/12/24

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, forfeiture, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 6/1/23
Jason A. Seidman, Esq.

7

Plea Agreement with Jonathan Katz

SCHEDULE A

1.  This Office and Jonathan Katz ("Katz") [AKA Luna] recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Katz nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Katz within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Katz further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.  The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case.

3.  The applicable Guideline is U.S.S.G. § 2B1.1. See U.S.S.G. § 2X1.1(a).

4.  The base offense level is 6 because the offense has a statutory maximum term of imprisonment of 5 years. See U.S.S.G. § 2B1.1(a)(2).

5.  Pursuant to U.S.S.G. § 2B1.1(b)(18)(A), there is a 2-level enhancement because the offense involved an intent to obtain personal information.

6.  Pursuant to U.S.S.G. § 3B1.3, there is a 2-level enhancement because Katz abused a position of private trust in a manner that significantly facilitated the commission of the offense.

7.  The total adjusted offense level is therefore 10.

Acceptance of Responsibility

8.  As of the date of this letter, Katz has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Katz's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

Agreed Total Offense Level

9.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to Katz is 8 (the "Agreed Total Guidelines Offense Level").

10.  The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the Agreed Total Guidelines Offense Level is reasonable.

### Appeal Waiver

11.  Katz knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, a motion under 28 U.S.C. § 2255, or a motion under 18 U.S.C. § 3582(c) or 18 U.S.C. § 3583(e), which challenges or seeks to modify the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 8, subject to any applicable mandatory minimum. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 8. The Government reserves the right to appeal any sentence below any applicable mandatory minimum. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. But nothing in this plea agreement shall preclude Katz from pursuing, in an appropriate forum and when permitted by law, a collateral attack claiming that his guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

12.  Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

> a. Any proceeding to revoke the term of supervised release.
>
> b. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).
>
> c. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a

discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).